CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NENA J. MAYBURY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 7:05cv085 |
| | ) |
| BILL CONLEY MORTON, | ) |
| | ) |
| Defendant | ) |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's motion for partial summary judgment on the issue of which subsection of Va. Code § 46.2-924 is applicable to this case. In this diversity action, plaintiff Nena J. Maybury, a pedestrian, has sued defendant Bill Conley Morton, for injuries sustained when Morton's vehicle struck Maybury on Main Street in Wytheville, Virginia.

For purposes of this motion only, the parties agreed that Maybury was struck by Morton's vehicle while Maybury was in a clearly marked crosswalk on Main Street in Wytheville. Also, again for purposes of this motion only, there is no dispute that the traffic signal at the corner of Main and Church Streets displayed a green light for Morton's vehicle to cross Church Street on Main Street. The crosswalk at issue does not have a pedestrian control signal exhibiting words or symbols directing pedestrians to "Walk" or "Don't Walk."

In her motion for partial summary judgment, Maybury argues that Va. Code § 46.2-924(A) applies to this case. Maybury argues that under this section, the driver of a vehicle on a

highway shall yield the right of way to any pedestrian crossing the highway at any clearly marked crosswalk.

Defendant Morton contends that Va. Code § 46.2-924(B) applies to this accident. That section provides as follows:

> B. Notwithstanding the provisions of subsection A of this section, at intersections or crosswalks where the movement of traffic is being regulated by law-enforcement officers or traffic control devices, the driver shall yield according to the direction of the law-enforcement officer or device.
>
> No pedestrian shall enter or cross an intersection in disregard of approaching traffic.
>
> The drivers of vehicles entering, crossing, or turning at intersections shall change their course, slow down, or stop if necessary to permit pedestrians to cross such intersections safely and expeditiously.
>
> Pedestrians crossing highways at intersections shall at all times have the right of way over vehicles making turns into the highways being crossed by the pedestrians.

Va. Code § 46.2-924(B).

The crosswalk in question crosses Main Street approximately twenty-six (26) feet past Church Street, the intervening distance being occupied by a triangular concrete curb extending into Main Street to allow for angular parking on Main Street.

Because of this triangular barrier and the attendant twenty-six (26) foot distance of the crosswalk from Church Street, plaintiff argues that subsection B does not apply because the movement of traffic in the area of the crosswalk is not regulated by the stoplight at the corner of Church and Main Streets. Defendant argues to the contrary, contending that the movement of

2

traffic through the intersection and crosswalk is regulated by the stoplight at the corner of Church and Main Streets.

The parties stipulated to the admission of a number of photographs of the crosswalk which were discussed at length during the partial summary judgment hearing on January 3, 2006.

For the reasons stated in open court at the hearing, and as set forth herein, the court believes that Va. Code § 46.2-924(B) is applicable to this case. Although the crosswalk is located twenty-six (26) feet beyond Church Street because of the triangular parking barrier, the movement of traffic across the crosswalk clearly is regulated by the stoplight at the corner of Church and Main Streets. This is because the stop bar for vehicles stopping on Main Street, in response to the stoplight at the corner of Church and Main Streets, is located before the cross walk as approaching Church Street. See Ex. J to Pl.'s Mot. Partial Summ. J. Because the crosswalk is between the stop bar for the intersection and the stoplight, traffic crossing the crosswalk is regulated by the stoplight.

In a letter brief submitted following the hearing, plaintiff Maybury argues that the crosswalk is outside of the intersection of Church and Main Streets based on the definition of intersection contained in Va. Code § 46.2-100. That section defines an intersection as the "area embraced within the prolongation or connection of the lateral curblines . . . of the roadways of two highways that join one another at, or approximately at, right angles . . . ." Based on this definition, plaintiff argues the crosswalk on Main Street falls outside of the intersection regulated by the stoplight at Main and Church Streets. Under this definition, however, so too would the crosswalk on Church Street, which plaintiff agrees is governed by the stoplight. See Ex. D to Pl.'s Mot. Partial Summ. J. That is because the boundaries of the crosswalk crossing Church

3

Street are outside, and not inside, of the "prolongation or connection of the lateral curblines . . . of the roadways." Va. Code § 46.2-100.

Regardless, plaintiff's new argument ignores the fact that Va. Code § 46.2-924(B) is not limited to "intersections" where the movement of traffic is regulated by traffic control devices, but also expressly applies to "crosswalks" where the movement of traffic is regulated by such devices. Because of the location of the stop bar on Main Street, traffic approaching the intersection is directed by a red light at Church and Main Streets to stop before entering the crosswalk at issue. Plainly, therefore, the movement of traffic at the crosswalk on Main Street where the accident took place was regulated by the traffic control device at Church and Main Streets, and the provisions of Va. Code § 46.2-924(B) apply.

Accordingly, plaintiff's motion for partial summary judgment is **DENIED**.

Enter this 5th day of January, 2007.

Michael F. Urbanski
United States Magistrate Judge

4